```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Richard Sheets,

    Plaintiff,

  v.                              Case No. 2:07-cv-521

PRG Real Estate Management,    JUDGE GRAHAM

    Defendant.

## ORDER

This matter is before the court on the motion of Defendant PRG Real Estate Management, Inc. to dismiss the complaint filed by Plaintiff Richard Sheets for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiff was formerly employed by a company known as AMS Management ("AMS"). In his complaint, Plaintiff alleges that Defendant acquired Plaintiff's prior employer – AMS – and that Plaintiff's prior employer "laid him off due to his age." Compl., ¶¶ 8-9. Plaintiff further alleges that Defendant refused to rehire[1] him because of his age, despite rehiring other, younger, former employees of AMS. Id., ¶ 10.

On June 29, 2007, Defendant filed its motion to dismiss on the basis that Plaintiff failed to file a charge of discrimination against Defendant at the administrative level. Defendant argued that while Plaintiff had filed a charge of discrimination against AMS, Plaintiff had not filed a charge against Defendant. Defendant

---

[1] Although Plaintiff alleges in his complaint that Defendant refused to "rehire" him, it appears that Plaintiff's claim is actually that Defendant refused to hire him after his "prior employer laid him off due to his age." Compl., ¶¶ 8-10. Indeed, both Plaintiff and Defendant refer to this claim as such in subsequent filings with the court.

further argued that Plaintiff was never its employee and that any adverse employment action occurred when Plaintiff was employed by AMS. With respect to Plaintiff's failure to hire claim, Defendant argues that such a claim was never raised at the administrative agency level and that, therefore, Plaintiff could not proceed on this claim against Defendant in this action.

In response to Defendant's motion, Plaintiff filed a memorandum contra in which he opposed Defendant's motion and requested ninety (90) days to conduct discovery prior to more fully responding to Defendant's motion. Plaintiff argued that the extension of time in which to respond to Defendant's motion would permit him time to determine whether Defendant could be liable to him under a theory of successor liability.[2] Plaintiff also argued that his charge of discrimination before the Equal Employment Opportunity Commission ("EEOC") should be liberally construed to encompass all charges reasonably expected to grow out of the charge of discrimination. Defendant opposed Plaintiff's motion for extension of time.

In the court's order of December 11, 2007, Magistrate Judge King granted Plaintiff's motion to extend the due date for his memorandum contra until December 31, 2007. The order further provided that Defendant could reply and supplement its motion no later than January 14, 2008. Finally, the order directed Plaintiff to produce full and complete responses to Defendant's interrogatories and request for production of documents no later than December 31, 2007.

---

[2]The court need not decide Plaintiff's argument regarding successor liability to rule upon Defendant's motion to dismiss. As set forth more fully below, Plaintiff has produced a charge of discrimination which expressly names Defendant, and not AMS, as the respondent.

On December 28, 2007, Plaintiff filed his memorandum contra to which he attached a charge of discrimination that had been filed against Defendant on September 5, 2006. The charge alleged age discrimination against Defendant and, in the affidavit which accompanied the charge, asserted that Defendant purchased AMS and subsequently terminated him because of his age. In its reply in support of the motion to dismiss, Defendant observes that despite the EEOC charge naming it as a respondent, the failure to hire claim should be dismissed because Plaintiff did not assert this claim in his administrative charge. In response, Plaintiff argues that his failure to hire claim could be reasonably expected to grow out of his charge of discrimination and that he attempted to amend his charge before the EEOC. Consequently, Plaintiff argues he should be permitted to assert such a claim in this action.

A plaintiff's failure to timely exhaust his administrative remedies is an appropriate basis for dismissal of an action under the Age Discrimination in Employment Act ("ADEA"). Hoover v. Timken, 30 F. App'x 511, 513 (6th Cir. 2002). A plaintiff must timely file a charge of discrimination with the EEOC or the state agency before filing a complaint in federal court. 29 U.S.C. § 626(d); Hoover, 30 F. App'x at 513. After the EEOC dismisses the charge and issues a right to sue letter, the plaintiff has ninety (90) days to file a civil action. Id.

"A charge of discrimination is sufficient if it contains 'a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of.'" Davis v. Sodexho, Cumberland Coll. Cafeteria, 157 F.3d 460, 463 (6th Cir. 1998) (quoting 29 C.F.R. § 1601.12(b)). The purpose of

3

the charge-filing requirement is to "trigger an investigation, which gives notice of potential liability to an alleged wrongdoer and permits the EEOC to initiate conciliatory procedures in an attempt to avoid litigation in federal court." Young v. DaimlerChrysler Corp., 52 F. App'x 637, 639 (6th Cir. 2002) (internal citation omitted). The court may also look to "allegations contained in an affidavit accompanying an EEOC charge for further explication of the claims presented in the charge." Sherman v. Chrysler Corp., 47 F. App'x 716, 720 (6th Cir. 2002) (citing Duggins v. Steak 'N Shake, Inc., 195 F.3d 828, 833 (6th Cir. 1999)).

The court will first address Plaintiff's contention that the letter his counsel sent to the EEOC requesting that his charge be amended to assert a failure to hire claim is sufficient for this court consider such a claim. On October 31, 2006, more than four months before the EEOC issued its right to sue letter, Plaintiff requested, through his attorney, that his charge be amended to include a failure to hire claim. The letter to Ms. Sabrina Austin of the EEOC provided in pertinent part:

> In response to your telephone call and correspondence of October 24, 2006, we believe that PRG Management purchased AMS Management and then fired or laid off Mr. Sheets because of his age. Mr. Sheets was working for AMS at the time it was purchased by PRG. If PRG is claiming that Mr. Sheets was not an employee, then the purchase agreement between PRG and AMS should be produced in order to clarify his employment status as a result of the purchase. <u>If he was laid off by AMS prior to the purchase of AMS, then since he was available for work, PRG refused to hire him because of his age and we would like to amend the Charge to reflect that fact</u>. Mr. Sheets was told by management official Susan Warner of AMS that he . . . [was] not retained as [an] employee[] because of [his] age. If AMS played a role in the discriminatory conduct, we would like to add them as a

>  responding party to the Charge (if they are still in existence).

Pl.'s Mem. Contra Def.'s Mot. Dismiss, Ex. C (emphasis added). The letter shows that it was received by the EEOC on November 3, 2006. The letter clearly states that it is regarding "Richard Sheets/PRG Management Charge 22A-2007-00090," the same charge number assigned to Plaintiff's original charge against Defendant.

The EEOC regulations expressly provide that "[a] charge may be amended to cure technical defects or omissions, including . . . to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received." 29 C.F.R. § 1601.12(b). Plaintiff's letter sought to clarify and amplify the allegations of his original charge of discrimination against Defendant. The letter identified the parties, described the action about which Plaintiff was complaining, and specifically referenced the charge number for the original claim against Defendant. Accordingly, the court concludes that Plaintiff exhausted his failure to hire claim. See Andrews v. Glaxo Smithkline, Inc., No. 03-5831, 2005 U.S. Dist. LEXIS 1021, at *25 (E.D. Pa. Jan. 26, 2005) (holding that the plaintiff had satisfied the ADEA exhaustion requirement where he failed to include retaliation in his initial charge, but later requested that the charge be amended to include such a claim more than one month before the EEOC issued the right to sue letter); Best v. Spellman Dental Clinic, No. 89 Civ. 0751, 1989 U.S. Dist. LEXIS 13155, at *13 (S.D.N.Y. Nov. 1, 1989) ("Plaintiff's letter, in light of her phone calls and discussions with EEOC employees,

5

thus could be construed as an attempt to amend her original charge[,] if not as an additional charge altogether.").

Even assuming Plaintiff's letter was insufficient to amend his charge, Plaintiff nevertheless could pursue the failure to hire claim before this court, as that claim could be reasonably expected to grow out of his charge of discrimination. The exhaustion requirement "is not meant to be overly rigid, nor should it 'result in the restriction of subsequent complaints based on procedural technicalities or the failure of the charges to contain the exact wording which might be required in a judicial pleading.'" Randolph v. Ohio Dep't of Youth Servs., 453 F.3d 724, 732 (6th Cir. 2006) (quoting EEOC v. McCall Printing Co., 633 F.2d 1232, 1235 (6th Cir. 1980)). Instead, the EEOC charge "should be liberally construed to encompass all charges 'reasonably expected to grow out of the charge of discrimination.'" Haithcock v. Frank, 958 F.2d 671, 675 (6th Cir. 1992) (quoting EEOC v. Bailey Co., 563 F.2d 439, 446 (6th Cir. 1977)); see also Weigel v. Baptist Hosp., 302 F.3d 367, 380 (6th Cir. 2002). Thus, "where facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim." Davis, 157 F.3d at 463.

Here, Plaintiff filed a charge of discrimination against Defendant which was received by the Ohio Civil Rights Commission on September 5, 2006. In the charge, Plaintiff named Defendant as the respondent and checked the box beside the word "Age" for the "cause of discrimination" upon which his charge was based. Plaintiff referred the commission to an affidavit which he attached to the charge form for the specifics for his charge against Defendant.

6

Plaintiff provided the following information in support of his charge in the affidavit:

2. I worked at AMS Management beginning in 2001, most recently in Maintenance/Rehabilitation.

3. On or about November 31, 2005, Respondent PRG Management purchased AMS Management.

4. After purchasing AMS, Respondent terminated two employees, including myself, based on age. We were all replaced by younger employees.

5. We were informed by Susan Warner, former District Manager of AMS, that we were not retained as employees because of our age.

Pl.'s Mem. Contra Def.'s Mot. Dismiss, Ex. A.

The court finds that the charge of discrimination against Defendant and the affidavit Plaintiff attached to his charge provided sufficient information for Defendant to ascertain the basis for Plaintiff's charge of discrimination against it and for the failure to hire claim to grow out of the EEOC's investigation of Plaintiff's charge. Defendant could discern from the charge filed by Plaintiff that he believed that the company had discriminated against him by not allowing him to continue his employment with either AMS or Defendant once the sale of the business transpired. This is particularly true in light of Defendant's contention that it never hired and, consequently, never could have terminated Plaintiff. Similarly, the EEOC could have discovered in the course of its investigation of Plaintiff's charge of discrimination that, although Plaintiff was not terminated by Defendant on or about November 31, 2005, Plaintiff was not hired by Defendant on or about that same date.

The Tenth Circuit's analysis in a similar case is instructive here. In <u>Foster v. Ruhrpumpen, Inc.</u>, 365 F.3d 1191 (10th Cir. 2004), a group of plaintiffs who were not retained following the sale of a company filed EEOC charges in which they alleged wrongful termination in violation of the ADEA. <u>Id.</u> at 1194. The defendant company argued, as Defendant does here, that the plaintiffs could not proceed on their failure to hire claim because the EEOC charge only alleged wrongful termination, and not failure to hire. While the district court found the company's argument persuasive, the Tenth Circuit disagreed and held:

> The outcome in the district court forecloses the plaintiffs' ability to seek a remedy for a violation of their federally-protected rights based on a technicality. There is no suggestion that the charges as filed deprived [the company] of fair notice of the plaintiffs' claims, thus we see no reason to bar their failure to hire claims.

<u>Id.</u> at 1196; <u>see also</u> <u>O'Keefe v. Varian Assocs., Inc.</u>, No. 95 C 4281, 1998 U.S. Dist. LEXIS 11382, at *19 (N.D. Ill. July 23, 1998) (allowing the plaintiffs to proceed with their failure to hire claim because the charge, despite alleging only unlawful termination, provided adequate notice of plaintiffs' claims to the EEOC and defendants).

Similarly here, although Plaintiff never expressly stated in his charge that he was "not hired" by Defendant, his failure to hire claim is one that would be reasonably expected to grow out of his charge of discrimination. Because the court finds that Plaintiff exhausted his administrative remedies as to both the

8

termination and failure to hire claims, Defendant's motion to dismiss is DENIED.

It is so ORDERED.

/s/ James L. Graham<br>
James L. Graham<br>
Senior United States District Judge

Date: February 14, 2008